Anita BARIOS, Appellant,

v.

BROOKS RANGE SUPPLY, INC.,
an Alaska corporation; John
P. Dittrich, Appellees.

No. S–9266.

Supreme Court of Alaska.

July 20, 2001.

Rehearing Denied Aug. 30, 2001.

---

Steven J. Shamburek, Law Office of Steven J. Shamburek, Anchorage, for Appellant.

Scott J. Nordstrand, Owens & Turner, Anchorage, for Appellees.

Before FABE, Chief Justice,
MATTHEWS, EASTAUGH, BRYNER, and
CARPENETI, Justices.

*OPINION*

CARPENETI, Justice.

## I. *INTRODUCTION*

Anita Barios worked for Brooks Range Supply for six years. Three months after she was terminated, she sued Brooks Range for failure to pay overtime during busy seasons, over lunch hour, and on weekends. Her complaint contained fifteen causes of action. The superior court dismissed most of her claims before trial, found against her with regard to the other claims after a trial, and awarded attorney's fees to Brooks Range. Because the trial court's factual findings that Barios did not work unpaid overtime were not clearly erroneous, we affirm the dismissal of those claims. And because Barios did not work unpaid overtime, the decision of the superior court to dismiss many of her related claims on summary judgment is moot. Finally, we conclude that Barios has abandoned her argument that the award of attorney's fees was improper. Accordingly, we affirm the judgment of the superior court in all respects.

## II. *FACTS AND PROCEEDINGS*

Brooks Range Supply is an Alaska corporation engaged in the business of providing industrial oilfield supplies and services on the North Slope of Alaska. Brooks Range has an Anchorage office, which provides administrative support to its North Slope operations, as well as a store at Prudhoe Bay.

Anita Barios worked for Brooks Range from 1990 until October 1996 as one of three administrative employees in the Anchorage office. Her work included accounts receivable, accounts payable, inventory, and other administrative duties. Although she was paid a set salary for her work, she did not have a written employment agreement with Brooks Range.

Three months after her work with Brooks Range ended, Barios filed a complaint for various wage law violations against Brooks Range Supply and John P. Dittrich, the general manager of Brooks Range and Barios's supervisor.[1]

The basis of Barios's complaint was her claim that she was not properly compensated for overtime that she had worked. Specifically, Barios claimed that she was not compensated for overtime worked during busy inventory periods and as a result of her pattern of working through lunch, after closing, and at home. Barios's fifteen claims against Brooks Range included failure to pay minimum wage under the federal Fair Labor Standards Act (FLSA) and the Alaska Wage and Hour Act (AWHA), failure to pay overtime under the federal and state statutes, breach of contract, quantum meruit, and breach of the covenant of good faith and fair dealing, and sought liquidated damages, late payment damages, costs and attorney's fees, foreclosure of lien, punitive damages, and piercing the corporate veil.

After the complaint was filed, Brooks Range did agree to pay Barios the overtime that she claimed for her inventory work at Prudhoe Bay and other time that she had itemized by date and time from 1994 to 1996.

Brooks Range then moved for summary judgment on most of Barios's claims, except her claim for overtime and the related remedy claims for wage lien, liquidated damages, and costs and attorney's fees. After briefing and oral argument, Superior Court Judge Dan A. Hensley granted the motion and dismissed most of the counts in the complaint.

The remaining claims were tried before Judge Hensley, who issued a decision in favor of Brooks Range. The court found that the claims made by Barios were not credible and that Brooks Range had presented sufficient evidence to establish that Barios was often absent from the office during the work day and her duties were not so demanding as to require overtime work. The court concluded that "more likely than not ... Anita Barios did not work unpaid overtime."

Brooks Range subsequently filed a motion for attorney's fees. The court ruled that no attorney's fees would be awarded on the

---

1. The initial complaint also listed defendants David Moncrieff (president of Brooks Range) and National Bank of Alaska, but Barios voluntarily dismissed her claims against both Moncrieff and the bank. For simplicity, we will refer to the remaining defendants collectively as "Brooks Range."

overtime claims due to the fact that Brooks Range had agreed to a pretrial settlement on some of those claims. However, the court did award fees in the amount of $12,539 to Brooks Range on the common law claims. The court described many of these claims as "frivolous" and therefore awarded Brooks Range sixty percent of its estimated fees incurred in defending the common law claims. The superior court denied a motion for reconsideration.

Barios raises seven points on appeal that can be summarized as four challenges to the decision of the superior court. First, she challenges the court's factual finding that she did not work the overtime hours that she claims and contends that the court misapplied the burden of proof in making this finding. Second, she claims that it was improper for the superior court to dismiss many of her claims on summary judgment. Third, she argues that the superior court erred when it excluded her expert from testifying at trial. And finally, Barios challenges the court's award of attorney's fees to Brooks Range.

III. *STANDARD OF REVIEW*

■ A finding of fact made by the superior court shall not be set aside unless clearly erroneous.[2] A clearly erroneous finding is one that leaves this court with a definite and firm conviction that a mistake has been made.[3] Due regard shall be given to the opportunity of a trial judge to weigh the credibility of witnesses.[4]

■ We review summary judgments *de novo*.[5] Drawing all reasonable inferences in favor of the nonmovant, we determine wheth-

er the undisputed facts entitle the movant to judgment as a matter of law.[6]

■ We review rulings on the admissibility of evidence, including the testimony of expert witnesses, for an abuse of discretion.[7]

■ A trial court's award of costs and attorney's fees will not be disturbed by this court on appeal, absent an abuse of discretion.[8] We will find an abuse of discretion upon a showing that an award is "arbitrary, capricious, manifestly unreasonable, or ... stem[s] from an improper motive." [9]

IV. *DISCUSSION*

A. *The Superior Court's Findings of Fact with Regard to Barios's Overtime Claims Are Not Clearly Erroneous.*

■ Barios appeals Judge Hensley's finding that she did not work unpaid overtime. In her brief, Barios includes extensive excerpts of the testimony of Barios and her husband during the trial. Barios argues that Brooks Range's attempts to refute this testimony are not persuasive because its witnesses contradicted one another and because the individual witnesses' testimony was internally inconsistent and unsupported by written records. Brooks Range sets out the trial court's decision at length and asserts, "[t]he reasonableness of Judge Hensley's decision speaks for itself."

The overtime statutes upon which Barios relies specify that an employer must pay overtime wages for work in excess of eight hours a day or forty hours a week.[10] The law also requires an employer to keep records of all hours worked by an employee entitled to overtime pay.[11]

---

2. *See American Computer Inst., Inc. v. State, Student Loan Corp.,* 995 P.2d 647, 651 (Alaska 2000).

3. *See id.*

4. *See id.*

5. *See Gerber v. Juneau Bartlett Memorial Hosp.,* 2 P.3d 74, 75–76 (Alaska 2000).

6. *See id.*

7. *See Nelson v. Progressive Corp.,* 976 P.2d 859, 865 n. 9 (Alaska 1999).

8. *See Power Constructors, Inc. v. Taylor & Hintze,* 960 P.2d 20, 44 (Alaska 1998).

9. *Id.* (quoting *Tobeluk v. Lind,* 589 P.2d 873, 878 (Alaska 1979)).

10. *See* AS 23.10.060(b); 29 U.S.C. § 207(a) (1998).

11. *See* AS 23.10.100(a).

When an employer fails to keep records, an employee may prove her claim if she presents sufficient evidence from which the court may draw a "just and reasonable inference." [12] If the employee meets this minimum threshold, the burden shifts to the employer to "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." [13]

In this case, Brooks Range did not keep a record of Barios's work hours under its admittedly mistaken belief that she was a salaried employee who was not covered by statutory overtime provisions. As a result, Barios need only present sufficient evidence to create a "just and reasonable inference" in order to support her claim and shift the burden of proof to Brooks Range.

Barios maintained her own records with regard to some overtime hours and claims that she worked even more overtime hours based on her normal work patterns. These additional claims fall into the following six categories: (1) time worked during lunch approximately three to four days per week for three years, (2) working late at least three days a week and weekends, (3) extra work in winter, (4) audit and inventory preparation amounting to sixteen hours of overtime each year, (5) bank reconciliations which took four hours and were performed at home each month, and (6) bank deposits which amounted to one-half hour each day on the way home from work.

To support these claims, Barios presented her own testimony and testimony from her husband. Based upon this evidence, the superior court found that Barios had met her slight burden of proof under the *Mt. Clemens* standard, and shifted the burden of proof to Brooks Range.[14]

Brooks Range presented evidence challenging the validity of Barios's claims. In addition to the testimony of Barios's supervisor, Dittrich, Brooks Range presented testimony from the other two administrative employees who worked with Barios in the Anchorage office, Loretta Wyler and Christina Taylor. The testimony of these witnesses challenged Barios's claims on several points.

First, Wyler and Dittrich both testified that Barios was consistently late for work. Wyler testifed that Barios was roughly thirty minutes late for work more often than not. And Dittrich testified that he spoke to Barios about her tardiness on several occasions and eventually adjusted her work schedule so that she could arrive later. Despite this accommodation, Barios continued to arrive late. Barios concedes that she often arrived late, but contends that she always made up that time by working through lunch or staying late.

Second, Dittrich testified that Barios missed work to attend as many as 150 medical appointments with her husband, who was seriously injured in an auto accident in 1994. Barios dedicated a considerable amount of time to help her husband's rehabilitation efforts. She estimates that she only attended fifty appointments with her husband, and that she made up that time by working through lunch or staying late.

Third, Wyler and Taylor testified that there was not enough administrative work in the office to necessitate overtime work. Often, there was not enough work for them to fill an eight-hour day. To corroborate this claim, they testified that after Barios's departure they were able to complete all of her duties without hiring additional help.

The court also relied upon other evidence. There was evidence challenging Barios's

**12.** *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946), superseded by statute on other grounds as stated in *Carter v. Panama Canal Co.,* 463 F.2d 1289, 1293 (D.C.Cir.1972); *see also Alaska Int'l. Indus., Inc. v. Musarra,* 602 P.2d 1240, 1248 n. 27 (Alaska 1979) (adopting a similar rule for AWHA claims).

**13.** *Anderson,* 328 U.S. 680, 687–88, 66 S.Ct. 1187.

**14.** Although Barios alleges that the trial court misapplied the *Mt. Clemens* standard, she does not make clear how it was misapplied. There is no question that the court considered and applied *Mt. Clemens* to this case. Barios gives us no reason to think that it was applied improperly.

claims that she consistently made bank deposits and that those deposits took thirty minutes. Other testimony established that Barios attended weekly non-working lunches which were paid for by her boss, Dittrich. And finally, there was evidence that Barios ordinarily went home early or on time.

Based upon this evidence, the court found that Barios's claims were not credible, because even if she had worked extra time, she did so to make up for other time when she was absent from the office.

■ Barios's arguments do not lead to a firm conviction that a mistake has been made. Barios argues that the claims made by Brooks Range's witnesses are not supported by written notes or records, but written records are not required to meet the burden. The fact that the employer did not keep records means only that the burden shifting standard of *Mt. Clemens* applies. But the employer may still meet its burden of proof through other forms of evidence. Although records kept by Barios may support her testimony, there is no reason the judge cannot find the testimony of other witnesses to be more credible in the absence of employer records. Witness credibility determinations are left to the trial court.[15]

Barios also argues that the testimony of Brooks Range's witnesses is not internally consistent. Yet she fails to point to a persuasive instance of such inconsistency.

Although the burden applied to employers who fail to keep specific records under the *Mt. Clemens* standard is considerable, Brooks Range presented substantial evidence from several witnesses that Barios did not work unpaid overtime. The superior court did not err in finding that the burden had been met in this case.

B. *The Question Whether the Superior Court Erred by Dismissing Many of Barios's Claims on Summary Judgment Is Largely Moot.*

■ The original complaint filed by Barios contained fifteen different counts. The superior court granted Brooks Range's motion to dismiss most of those claims. Barios argues that it was error for the superior court to dismiss these causes of action prior to trial.

However, most of the dismissed claims were tied to Barios's contention that Brooks Range failed to pay overtime wages. Specifically, Barios's claims for late payment penalty, breach of contract, quantum meruit, breach of the covenant of good faith and fair dealing, punitive damages, and piercing the corporate veil are all premised on Brooks Range's failure to pay Barios the overtime wages that she was allegedly owed. Because we affirm the superior court's factual finding that Barios did not work unpaid overtime, consideration of these claims is moot.

The superior court's decision to dismiss these claims on summary judgment would not moot these issues if that decision had affected Barios's ability to prove her overtime claims at trial. But it did not. Barios had a full and fair opportunity to try her claims for unpaid overtime before the court. Because she was not able to establish that she was entitled to overtime, each of the claims premised on that entitlement would have necessarily failed.

Only Barios's claim for wages owed under the minimum wage law is not moot. However, Barios fails to provide any coherent argument to support the claim for minimum wage.[16] In fact, Barios appears to have abandoned that claim. The superior court dismissed the minimum wage claim based on the admission by Barios's own attorney that "[t]here's not a violation of the payment of ... the minimum wage, no, I don't dispute that." Based on this admission to the superior court, we hold that the superior court did not err by dismissing Barios's claim under the minimum wage statutes.

C. *It Was Not an Abuse of Discretion for the Superior Court To Exclude Barios's Expert Witness.*

■ Barios sought to call Randy Carr, Chief of Labor Standards for the State of

---

15. *See American Computer Inst. v. State, Student Loan Corp.*, 995 P.2d 647, 651 (Alaska 2000).

16. During the period in question, the minimum wage averaged around four dollars per hour while Barios earned between twelve and nineteen dollars per hour.

Alaska, Department of Labor, as an expert witness at trial. Carr was prepared to testify with regard to the legal rule on the proper burden of proof in overtime claim cases, pattern and practice claims, and the willfulness standard under FLSA. The superior court excluded Carr's testimony.

Barios argues that this exclusion was an abuse of discretion. Barios does not present a legal argument as to why the superior court should not have excluded Carr's testimony, but simply recounts what Carr would have said and claims that his testimony was a "public service" that the court should not have excluded. Barios notes our statement in *Osborne v. Hurst*[17] that the test for whether a person qualifies as an expert is "whether the jury can receive appreciable help from this particular person on this particular subject." [18]

Brooks Range responds that Carr's testimony amounted only to unnecessary legal advice as well as factual and legal conclusions that were properly excluded by the court.

In deciding to exclude the testimony of Carr, the superior court noted that Carr was going to testify as to what the ultimate resolution of the case should be. Specifically, Carr would have testified as to how he believed the case should be resolved under the law based upon the facts presented to him by Barios or under alternative hypothetical situations. Although Carr was an expert with regard to wage and hour law, the court found that such testimony was not appropriate "in a case where the court itself is required to interpret the law and form an opinion regarding the witnesses's credibility." The superior court noted that Carr's testimony would have been relevant

> [i]f there is a dispute regarding interpretation of Alaska Labor Law, and if there is some longstanding administrative interpretation which might help the court or serve as precedent for interpreting law, and that would be something I would rely on in

interpreting the law, then that would be different. But no showing has been made that that's what this witness is going to do.

Noting that Carr could only offer the court an opinion on how it should rule, the superior court correctly found that is not "an appropriate role for this witness to serve, regardless of the level of his expertise."

Barios failed to show that Carr's testimony would have been of "appreciable help" in deciding this case. Carr had no firsthand knowledge of the factual circumstances at issue in this case. In addition, he did not offer legal expertise that would be relevant to the court in determination of the case. The court inquired at length as to whether Carr's administrative expertise provided some insight into longstanding interpretations of Alaska law that would be of assistance to the court, but Barios's attorneys failed to point to any such interpretations. As a result, Carr would have only given his opinion as to how he would have decided the case under the applicable legal principles. Since Barios failed to identify any points of law or fact on which Carr would have assisted the court, it was not error for the court to exclude his testimony.

### D. *Barios Has Abandoned the Argument that the Award of Costs and Attorney's Fees to Brooks Range Was Improper.*

 Barios asserts a challenge to the award of attorney's fees in her brief. However, her argument does not coherently discuss that point. Although Barios makes sporadic comments throughout the brief about the improper nature of the attorney's fee award, we have long held that an issue given only cursory treatment in the argument section of a brief will not be considered on appeal.[19] Therefore, we hold that Barios has waived the argument against the award of attorney's fees.

---

17. 947 P.2d 1356 (Alaska 1997).

18. *Id.* at 1362 (quoting *Crawford v. Rogers*, 406 P.2d 189, 192 (Alaska 1965)).

19. *See, e.g., Adamson v. University of Alaska*, 819 P.2d 886, 889 n. 3 (Alaska 1991); *see also Stosh's*

*I/M v. Fairbanks North Star Borough*, 12 P.3d 1180, 1183 (Alaska 2000); *Petersen v. Mutual Life Ins. Co.*, 803 P.2d 406, 411 n. 8 (Alaska 1990); *State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 528 (Alaska 1980); *Fairview Development, Inc. v. City of Fairbanks*, 475 P.2d 35, 36 (Alaska 1970).

## V. CONCLUSION

The superior court properly found that Barios had not worked unpaid overtime. That finding moots the question whether related claims were properly dismissed on summary judgment. In addition, the court did not err when it excluded Barios's expert. Finally, Barios abandoned her argument that the court improperly awarded attorney's fees to Brooks Range. Therefore, we AFFIRM the decision of the superior court in all respects.