**Stuart Aaron HALLAM, Appellant,**

v.

**ALASKA AIRLINES, INC., Appellee.**

No. S–10198.

Supreme Court of Alaska.

May 21, 2004.

Rehearing Denied Aug. 10, 2004.

---

Stuart Aaron Hallam, pro se.

James N. Leik and Helena L. Hall, Perkins Coie LLP, Anchorage, and Douglas S. Parker, Preston Gates & Ellis, Anchorage, for Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, and FABE, Justices.

*OPINION*

FABE, Justice.

## I. INTRODUCTION

This appeal is the culmination of a series of customer service disputes between Stuart Hallam and Alaska Airlines. Hallam sued the airline, alleging that by failing to honor various terms of his plane tickets, it breached a series of contracts. He also alleged, on behalf of a class of passengers, that the airline's standard ticket terms and policies violate Alaska's Unfair Trade Practices Act and state antitrust law. After a bench trial, the superior court ruled in favor of Alaska Airlines on all counts, and Hallam appeals. Most of his arguments on appeal challenge the superior court's factual findings, which we conclude were not clearly erroneous. We therefore affirm the superior court.

## II. FACTS AND PROCEEDINGS

### A. Factual History

Hallam's claims are based on several transactions he had with Alaska Airlines. The bulk of his appeal is devoted to challenging the factual findings supporting the superior court's judgment on these claims. We outline the incidents here and describe them in greater detail as we examine each in Parts III.B–F below.

First, Hallam claims that he purchased from Alaska Airlines's website a ticket labeled "unrestricted" that turned out to be restricted. Believing that he could change

the ticket without incurring a fee, he attempted to change his travel dates, but was told that he would be charged. The fee was later waived, but Hallam chose not to use the ticket. In the second incident, Hallam bought a ticket to fly to Puerto Vallarta. Two charges, for differing amounts, appeared on his credit card bills. The greater of the two charges was credited back to him. Later, Hallam was informed that the charge was being reinstated, but that he could continue to contest it. In the third incident, Hallam attempted to use a Permanent Fund Dividend (PFD) voucher to purchase a ticket to fly from Seattle to Juneau. At the Seattle airport, Hallam was informed that his voucher had expired and that he would have to purchase his ticket some other way. Fourth, Hallam claimed below that he was denied a first class seat for which he had a reserved ticket. He therefore chose not to take the flight; he claimed that the denial of the first class seat was a breach. Finally, Hallam purchased a pair of tickets from the airline's website. He claims that he was charged an amount much greater than what appeared on the screen, and called the airline to complain. The airline refunded all but nine dollars of the alleged overcharge.

### B. Procedural History

Hallam's Second Amended Complaint was filed January 18, 2000. He brought a series of contract and conversion claims based on the incidents described above and defamation claims arising from one of his more energetic encounters with Alaska Airlines personnel, along with both class and individual claims under the Alaska Unfair Trade Practices Act[1] and state antitrust law.[2] On March 7, 2000, the superior court dismissed the unfair trade practices and antitrust claims on the ground that Hallam, as a pro se litigant, could not represent the class. The complex procedural history of these claims is laid out in Part F below. In short, Hallam moved for reconsideration of the dismissal of his individual claims. When reconsideration was denied, he moved to amend his complaint to reinstate his individual unfair trade practices

and antitrust claims. The superior court eventually denied this motion in November 2000, citing federal preemption under the Airline Deregulation Act[3] as grounds for rejecting the amendment.

Meanwhile, discovery closed on May 1, 2000 and in June and July the parties filed cross-motions for summary judgment. Upon receiving Alaska Airlines's summary judgment memorandum, Hallam moved on August 22 to reopen discovery and for a continuance under Alaska Rule of Civil Procedure 56(f), arguing that the airline's motion evidenced "both document tampering and perjury." After the superior court gave Hallam a chance to explain what he was looking for, it denied the motion. The superior court then granted Alaska Airlines summary judgment on some of the defamation claims, based on statute of limitations and privilege grounds, and on Hallam's failure to present evidence that one of the allegedly defamatory statements was published. On all other claims, the superior court declined to enter summary judgment. The case was tried to the bench before Judge Patricia A. Collins, who had handled the case throughout. In late November, and in March 2001 the superior court entered findings of fact and conclusions of law, finding for Alaska Airlines on all claims. Hallam moved for reconsideration, and the motion was denied. Final judgment was entered in April 2001, at which time the superior court awarded fees and costs to Alaska Airlines. Hallam made several further motions for reconsideration or relief from the judgment, including one asking Judge Collins to recuse herself "if the court cannot be unbiased and impartial." All were denied.

Hallam appeals to this court challenging: the superior court's factual findings on claims concerning the incidents described above; the superior court's dismissal of his individual Unfair Trade Practices Act and antitrust claims and its denial of his motion to amend his complaint to add those claims after they were dismissed; the superior court's refusal to reopen discovery; Judge Collins's failure

---

**1.** AS 45.50.471.

**2.** AS 45.50.562, 564.

**3.** 49 U.S.C. § 41713.

to recuse herself; and the superior court's award of costs and fees to Alaska Airlines.

## III. DISCUSSION

### A. Standards of Review

■ This court "review[s] the trial court's factual findings ... under a 'clearly erroneous' standard. A finding is clearly erroneous if it leaves this court with a definite and firm conviction on the entire record that a mistake has been made."[4] A motion to dismiss is reviewed de novo.[5] The denial of a motion for leave to amend a complaint is reviewed for abuse of discretion.[6] A motion to reopen discovery is also reviewed for abuse of discretion,[7] as is the denial of a Rule 56(f) motion.[8] "The refusal by a judge to be recused from a case is reviewed for an abuse of discretion."[9] In each of these instances, the court "will find an abuse of discretion when we are left with a definite and firm conviction after reviewing the whole record that the trial court erred in its ruling."[10] Finally, "[a]n award of attorney's fees will be overturned only upon a showing of abuse of discretion or a showing that the award is manifestly unreasonable."[11]

### B. The Superior Court Properly Entered Judgment in Favor of Alaska Airlines on Hallam's Claim Relating to "Unrestricted Tickets."

Hallam claims that he purchased a ticket labeled "unrestricted" or "U," which Alaska Airlines held out as requiring no fee to change the dates of travel. The airline, he alleges, breached a contract with him when it refused to change the dates without a fee.[12] The superior court found for the airline because Hallam "ha[d] not been denied unrestricted travel to date and, in fact, has changed the tickets without charge." He therefore could not show any breach.

■ Alaska Airlines argues that Hallam has not shown that the "U" designation actually means that the ticket may be changed without a fee, a claim Hallam goes to great lengths to dispute. The superior court's finding on breach, however, is dispositive—if Hallam cannot show a breach of the terms as he describes them, his claim must fail. And the court's finding that there was no breach of those terms is fully supported by the evidence. The record contains a Post Departure Information report (PDI), showing all of the activity concerning the ticket in question. The PDI shows that the change fee to which Hallam objects was waived at least once. Although Hallam testified at trial that his attempts to change the ticket or get a refund were met by demands that he pay a fee, the superior court found that his testimony was not credible. Because "it is the function of the trial court, not of this court, to judge witnesses' credibility,"[13] this court must give "due regard"[14] to the superior court's credibility judgments. Hallam offers no documentation of any failed attempts to change the ticket without a fee, nor any other reason to believe that any contract term was breached.[15] The superior court's finding that there was no breach of contract was not clearly erroneous and we affirm its judgment in favor of Alaska Airlines on this claim.

---

**4.** *City of Hydaburg v. Hydaburg Co-op. Ass'n*, 858 P.2d 1131, 1135 (Alaska 1993) (quotation marks omitted).

**5.** *McElroy v. Kennedy*, 74 P.3d 903, 906 (Alaska 2003).

**6.** *Taylor v. Johnston*, 985 P.2d 460, 463 (Alaska 1999).

**7.** *Id.*

**8.** *Gamble v. Northstore Partnership*, 907 P.2d 477, 485 (Alaska 1995).

**9.** *Jourdan v. Nationsbanc Mortgage Corp.*, 42 P.3d 1072, 1082 (Alaska 2002); *see also* AS 22.20.020.

**10.** *Taylor*, 985 P.2d at 463 (quotation marks omitted).

**11.** *Feichtinger v. Conant*, 893 P.2d 1266, 1268 (Alaska 1995).

**12.** Hallam pled several of his claims as both contract and conversion claims, but only discusses them before this court in contract terms.

**13.** *Parker v. Northern Mixing Co.*, 756 P.2d 881, 892 (Alaska 1988).

**14.** *Barios v. Brooks Range Supply, Inc.*, 26 P.3d 1082, 1085 (Alaska 2001).

**15.** Nor is there any indication that any breach is forthcoming.

## C. The Superior Court Properly Entered Judgment in Favor of Alaska Airlines on Hallam's Claim Relating to His Ticket to Puerto Vallarta.

■ Hallam claims that he was charged more than once for a single ticket to Puerto Vallarta that he purchased in August 1998. The cause of the double charge remains unexplained, but that is immaterial. The superior court found that "Hallam suffered no damages as a result" of the incident. The court therefore concluded that "no award of damages for this claim is appropriate." These findings are well supported by the evidence.

Hallam's credit card was billed $160.25 for the ticket on September 22. It was charged again, for $190.32, on February 20. The PDI for the ticket indicates that these charges are for the same ticket, as the ticket numbers associated with the two transactions on the credit card statements both appear on the PDI. On October 5, 1998, Hallam wrote to the credit card company to dispute the $190 charge. His credit card was credited for that amount on October 20.[16] An August 1999 letter from the credit card company says that Alaska Airlines asked to reinstate the $190 charge. The letter gives Hallam an opportunity to continue disputing the charge, but there is no evidence of how he responded. By Hallam's own admission, there is similarly no evidence showing that the charge ever actually reappeared on a bill. At trial, Hallam was unable to say whether the charge ever reappeared on his credit card bill and if so, whether he paid it or continued to contest it. He therefore did not prove that the contract was ever breached. We affirm the superior court's dismissal of this claim.

## D. The Superior Court Properly Entered Judgment in Favor of Alaska Airlines on Hallam's Claim Relating to His Attempt To Use a PFD Ticket in Seattle.

■ Hallam claims that Alaska Airlines breached another contract with him in March 1999 when it refused to honor a ticket from Seattle to San Francisco that he purchased with a Permanent Fund Dividend voucher. The airline acknowledges that it prevented Hallam from boarding the flight, but defends its action by claiming that the ticket had been purchased with a 1998 voucher and was good only for travel through December 15, 1998. The superior court found that the ticket had expired, and that there was therefore no breach of contract.

Hallam makes much of the fact that an Alaska Airlines employee said in an affidavit that he attempted to board the flight on March 9 while strong evidence argues that it happened on March 8. The exact date of the incident is immaterial. If the ticket's expiration date was December 15, 1998, there was no breach. The superior court's finding that the ticket had expired is well supported by the evidence.

Hallam points to a notation on the PDI for the disputed ticket, which states that it is good for travel through December 15, 1999. The airline explains this through the testimony of employee Jeanne Hightower, who described how that notation would have been generated. She explained that it was placed in the ticket's record because he made a change to the ticket in 1999, and the "res[ervation] agent has no idea what tickets he was actually using." Once he got to the airport, the ticket agent would have tried to confirm that it was a current ticket, and found that it had expired.

■ Faced with the conflicting testimony, the trial court disbelieved Hallam's assertion that he thought the ticket was still good in March 1999. The court held that he "failed to prove that it was more likely than not that he purchased a valid ticket for the travel on the date in question." "In a bench trial, the judge is the trier of fact, determining the credibility of witnesses and deciding how to

---

16. The evidence of this credit is what appears to be a letter from the credit card company or an intermediary to Alaska Airlines. There is no credit card bill showing the credit, but Hallam does not on appeal dispute that the amount was credited.

weigh the evidence presented."[17] Hallam gives us no reason to overturn the trial court's weighing of the evidence. We therefore affirm the superior court's judgment for Alaska Airlines on this claim.

### E. The Superior Court Properly Entered Judgment in Favor of Alaska Airlines on the "Bumping" Claim.

▆▆ Hallam claimed below that a contract was breached when the airline refused on November 29, 1997 to seat him in first class, despite his reservation. He does not challenge any of the findings underlying the superior court's conclusion that he "failed to prove it is more likely than not he was ever promised a First Class seat on the flight he alleges." These findings are primarily credibility determinations—the court found that he "was not credible in his claim of being denied First Class passage on the flight of his choosing. Rather, it is more likely that Hallam voluntarily changed his travel plans...." We find no clear error in this determination and affirm the superior court's judgment in favor of Alaska Airlines on this claim.

### F. The Superior Court Properly Entered Judgment in Favor of Alaska Airlines on Hallam's Claim Relating to the Purported Overcharge for Tickets He Bought from the Airline's Website.

▆▆ Hallam claims that he was overcharged for tickets he purchased through the Alaska Airlines website in June 1997. He claims that the website advertised a total ticket price of $180 but his credit card was charged $697 for it. Alaska Airlines refunded all but nine dollars of the difference. He has sued for the nine dollars.

The superior court held that Hallam had not proved that the charge on his credit card was a breach because he "failed to prove he was promised a fare at the [lower] rate he asserts." The court based this conclusion on several factual findings, most of which Hallam challenges. Most importantly, the court

did not believe Hallam's testimony. "Hallam," the court found, "was not particularly credible in his claim that he actually reserved or purchased a ticket for the price he claimed." The superior court also relied in part on the testimony of an Alaska Airlines customer service employee who testified that her internal investigation found no evidence "confirming that ... he reserved at [the lower] fare or that Alaska Airlines even offered this fare." The employee also testified that Hallam's was the only complaint of this sort that she heard. Finally, the court noted that while federal law requires the publication of airline prices, the official publication had no record of the price Hallam claimed.

In evaluating Hallam's testimony, the court relied on his failure "to present documentation of any ticket(s) or ticket confirmation of any travel reserved or purchased at the alleged fare." The court found that the documentation Hallam did produce was "a letter that he drafted that purported to duplicate a web fare advertisement for travel at the lower rate." Hallam asserts that the document in the record is in fact a printout of the web page itself; Alaska Airlines makes no claim as to whether the document is authentic or not. The authenticity of the document, however, is immaterial. Even if it is authentic, it does not establish Hallam's claim. The document states: "To proceed in holding a reservation or purchasing Instant Travel, click 'Continue.'" This shows only that Hallam saw the lower price. It does not establish decisively that he purchased a ticket at the lower price.

Hallam points out that the customer service employee was at the top of a long chain and that all complaints would not necessarily be communicated to her. The employee did, however, testify that she "would be surprised if [she] didn't hear about" a problem like his. The superior court was entitled to credit the witness.[18]

Hallam attacks the superior court's reliance on the fact that the official publication for airline fares had no record of the fare Hallam claimed to have purchased. He com-

**17.** *Wasserman v. Bartholomew,* 38 P.3d 1162, 1166–67 (Alaska 2002).

**18.** *See id.*

pares the prices offered on the website on a given day with those published in the official publication for airline fares on the same day and shows that the official publication does not always match the website fares. This casts some doubt on the weight the superior court should have given this evidence, but is insufficient to undermine the superior court's conclusion that Hallam did not purchase this fare.

■ Finally, Hallam points to the PDI for this ticket, which appears to say that he received a refund due to an incorrect Internet fare. This may suggest that someone at the airline at one time thought that Hallam had been overcharged. The superior court apparently found that other evidence outweighed it, and decided that Hallam had not shown that he bought the ticket at the lower fare. "We ordinarily will not disturb findings of fact made upon conflicting evidence." [19] In view of all the evidence and the superior court's findings, we are not left "with a definite and firm conviction on the entire record that a mistake has been made." [20] The superior court's findings are not clearly erroneous and we therefore affirm its judgment in favor of Alaska Airlines on this claim.

## G. The Superior Court Properly Denied Hallam's Motion for Further Time Under Rule 56(f).

■ After Alaska Airlines filed its motion for summary judgment, Hallam moved to "reopen" discovery. The court denied his motion. Hallam now appeals that denial. He treats the superior court's action as the denial of a motion under Alaska Rule of Civil Procedure 56(f), claiming that he had the right to conduct discovery to oppose summary judgment. The rule "allows a party opposing summary judgment to seek additional time to gather and submit evidence to justify the party's opposition." [21] Specifically, when the party opposing summary judgment demonstrates to the court's satisfaction that the party "cannot for reasons stated present by affidavit facts essential to justify the party's opposition," the court may choose one of two remedies—it may decline to grant summary judgment or it may grant a continuance. Although the superior court denied Hallam's Rule 56(f) motion, it did not enter summary judgment against him on any of the ticketing claims for which he claims he needed further discovery. He therefore was not harmed by the denial of his Rule 56(f) motion.

■ Hallam further claims that discovery should have been reopened because Alaska Airlines failed to produce documents that they were required to produce in the initial discovery period. [22] Deciding whether or not to reopen discovery is within the trial court's discretion, and is subject to harmless error review. [23] Hallam only identifies two of the "missing documents," neither of which makes a case for reopening discovery.

The first concerns the Puerto Vallarta ticket. In its summary judgment motion, the airline suggested that one of the charges was for a ticket issued to Hallam himself; at a deposition, an Alaska Airlines attorney suggested the extra charge was for a ticket issued to one Anna Salyer. Hallam wants the airline to produce documentation for these theories. As described above, however, the question of how the extra charges came to be on Hallam's credit card is immaterial because Hallam never proved he paid them. Any error associated with this failure is harmless. [24]

19. *In re Friedman,* 23 P.3d 620, 625 (Alaska 2001).

20. *City of Hydaburg,* 858 P.2d at 1135 (quotation marks omitted).

21. *Gamble v. Northstore Partnership,* 907 P.2d 477, 484–85 (Alaska 1995).

22. Hallam also raises the airline's failure to produce certain documents as a distinct point on appeal. He did not, however, make any motion

before the superior court to compel production of these "missing" documents. Without a motion to compel, there is no decision for this court to review. We therefore consider this argument only in the context of his motion to reopen discovery.

23. *Taylor v. Johnston,* 985 P.2d 460, 466 (Alaska 1999).

24. *See Walden v. Dep't of Transp., State,* 27 P.3d 297, 307–08 (Alaska 2001).

The other example of missing documents Hallam provides is the documentation surrounding the expired PFD ticket: if the airline claims he exchanged a 1998 voucher for the original ticket, he argues, it should have produced the voucher. Hallam knew that the voucher would be subject to proof long before Alaska Airlines filed its summary judgment motion. The voucher was, in fact, part of his theory of the case. He could have specifically requested the documentation or made a motion to compel during discovery. The superior court was entirely justified in determining that Hallam's requests following the summary judgment motion "involve[d] discovery that could have (and should have) been made long ago." The court's refusal to reopen discovery at that time was not an abuse of discretion.

### H. The Superior Court Properly Dismissed Hallam's Individual Claims Brought Under the Alaska Unfair Trade Practices Act and Alaska Antitrust Law and Properly Denied Hallam Leave To Amend His Complaint To Include Them.

Hallam's complaint includes both individual and class claims based on alleged violations of state antitrust law and the Unfair Trade Practices Act. The superior court dismissed these claims on the ground that Hallam, as a pro se litigant, could not represent the class; it held that the question whether the unfair trade practices claims are preempted by federal law was mooted by its class-representation decision. Hallam moved for reconsideration in order to reinstate the individual aspect of these claims. The court denied his motion without explanation. The court then noted that "[n]either Mr. Hallam's motion to amend nor the proposed amended complaint make clear how the actions [Hallam alleged] violate the cited [statutory] provisions." This order gave Hallam five days to submit a statement explaining how the conduct alleged in his contract and conversion claims violated the cited statutes. His response, although it contains some language suggesting he may have abandoned his motion to amend, detailed the actions he alleged violated the statutes. The superior court denied the motion for leave to amend "for the reasons set forth in [its initial ruling], the opposition memorandum by Alaska Airlines and the summary judgment order entered on this date as it relates to preemption of state statutory consumer protection claims related to airline services." Hallam appeals both the dismissal of the individual claims and the superior court's denial of leave to amend the complaint to add them.

▮▮▮ "Even when the court concludes that no portion of the action is maintainable as a class action, the individual plaintiff[ ] may continue it on an individual basis . . . ." [25] Hallam claims that he should have been allowed to amend his complaint to reinstate the individual claims after they were dismissed along with the class claims. The superior court correctly denied his motion for leave to amend because amendment would be futile as the claims were clearly preempted by the federal Airline Deregulation Act.[26] "[I]f the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." [27]

▮▮ The federal statute's preemption provision provides that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier." [28] The provision is "broadly preemptive," [29] reaching any state laws or

---

**25.** 7B WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 1785, at 117; *see also Mead v. Parker,* 464 F.2d 1108, 1112 (9th Cir.1972) ("Nothing in Rule 23, F.R.Civ.P. contemplates that an action shall be dismissed if the court determines that it cannot be maintained as a class action. In all actions, whether determined to be class actions or not, there are individuals who bring the action asserting claims for relief in their own behalf.").

**26.** 49 U.S.C. § 41713.

**27.** *Taylor,* 985 P.2d at 464 (quoting 6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 1487 (2d ed.1990)).

**28.** 49 U.S.C. § 41713(b)(1).

**29.** *American Airlines, Inc. v. Wolens,* 513 U.S. 219, 225, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995); *see also Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 383–84, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992) (analogizing Airline Deregulation Act

enforcement actions "having a connection with or reference to airline rates, routes, or services."[30] In *American Airlines v. Wolens,* the United States Supreme Court held that the Airline Deregulation Act preempted a claim under the Illinois analog to the Unfair Trade Practices Act challenging an airline's changes to its frequent-flier program.[31] *Wolens* requires an analysis of the particular claims in question. Here, Hallam's claims plainly relate to a price, route, or service of an air carrier. He challenges the airline's policy of classifying tickets as refundable or non-refundable; he challenges the airline's policy of overbooking flights; and he challenges the terms included in all tickets, relating to timetables, routes, departure and arrival times, and fares. His Unfair Trade Practices Act claims are preempted and the superior court properly denied him leave to add them.

■ Hallam's antitrust claims are similarly preempted. He argues under AS 45.50.562 and AS 45.50.564 that Alaska Airlines "has attempted to contract, conspire, and combine" with other airlines "to monopolize air travel in this region" and "restrain[ ] free trade." He does not describe how this restraint of trade and monopoly manifest themselves, despite the superior court's order requiring him to state the facts underlaying the claims. It is hard to imagine that they do not relate to airline rates, routes, or services. We assume that these claims resemble those in the rest of his complaint, all of which involve the airline's ticketing, ticket pricing, or boarding procedures and would be preempted if made the subject of an antitrust charge. Hallam waived his opportunity to convince the superior court otherwise when he failed to take the opportunity for clarification offered to him by the court. The superior court properly held his antitrust claims

were preempted and refused to grant him leave to amend his complaint.

## I. The Superior Court Properly Refused Recusal.

Hallam asserts that Judge Collins should have recused herself because "[t]he evidence on record is overwhelming in showing a bias" on her part. He also refers, without documentation, to "statements" Judge Collins made "at the pretrial conference regarding her failure to administratively transfer this case when she dismissed the class claims, as a result of the dollar value involved." He finally refers to an incident involving another, unrelated case before Judge Collins, *Hallam v. Alaska Travel Adventures,* in which, he alleges, "Judge Collins went out of her way to interfere with production of the electronic record in th[at] case."

■ "Recusal was never intended to enable a discontented litigant to oust a judge because of adverse rulings made."[32] Judge Collins gave Hallam many chances to clarify motions and prove his case. The fact that he did not prove it does not show bias on her part. His claim is "little more than an expression of [his] dissatisfaction with the superior court's ruling[s]."[33] There was no abuse of discretion in Judge Collins's decision to remain on the case.

## J. The Superior Court Did Not Abuse Its Discretion in Awarding Fees and Costs to Alaska Airlines.

Hallam makes a cursory argument that Alaska Airlines should not have been awarded fees and costs because "they failed to respond honestly to requests for admissions." He identifies no specific failures or dishonesty. Even giving this argument the liberal reading due pro se plaintiffs, we find no abuse of discretion.

preemption to "broad scope" and "expansive sweep" of preemption under ERISA, 29 U.S.C. § 1144(a)).

**30.** *Morales,* 504 U.S. at 384, 112 S.Ct. 2031 (citation omitted).

**31.** 513 U.S. at 226–28, 115 S.Ct. 817.

**32.** *Wasserman v. Bartholomew,* 38 P.3d 1162, 1171 (Alaska 2002) (citation omitted).

**33.** *Lacher v. Lacher,* 993 P.2d 413, 421 (Alaska 1999).

## IV. CONCLUSION

For the foregoing reasons, the judgment of the superior court is AFFIRMED in its entirety.

EASTAUGH and CARPENETI, Justices, not participating.