STATE of Alaska and Alaska Psychiatric Institute, Petitioners,

v.

Mattie GREEN, Respondent.

No. 5834.

Supreme Court of Alaska.

Oct. 2, 1981.

William B. Mellow and John B. Gaguine, Asst. Attys. Gen., and Wilson L. Condon, Atty. Gen., Juneau, for petitioners.

Ronald T. West, Anchorage, for respondent.

Before RABINOWITZ, C. J., and CONNOR, BURKE, MATTHEWS and COMPTON, JJ.

OPINION

PER CURIAM.

On May 21, 1981, this court entered an order granting the state's petition for review and summarily reversing the superior court's order reinstating Green's claim for relief under 42 U.S.C. § 1983 (1970). In this opinion we set forth the reasons for our order.

Green filed suit against the state and the Alaska Psychiatric Institute (A.P.I.), alleging violations of 42 U.S.C. § 1983 (1970)[1] and of her constitutional rights. The state and A.P.I. moved to dismiss the complaint on the ground that neither were a "person" within the meaning of section 1983. The motion was granted. Upon Green's motion for reconsideration, however, the dismissal was set aside and the complaint was reinstated. The state and A.P.I. then sought reconsideration of that order, which was denied. This petition for review followed. We granted the petition only as to the issue of whether the superior court erred in reinstating Green's section 1983 claim for relief. We concluded that the United States Supreme Court opinion in *Quern v. Jordan*,

---

1. 42 U.S.C. § 1983 (1970) provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), mandates the dismissal of Green's claim for relief under section 1983.

We interpret *Quern v. Jordan* as holding not only that section 1983 does not abrogate the state's eleventh amendment immunity, but as holding that states are not "persons" within the meaning of the section. The only other state appellate court to consider this issue thus far has reached the same conclusion. In *Edgar v. State*, 92 Wash.2d 217, 595 P.2d 534 (1979) (en banc), *cert. denied*, 444 U.S. 1077, 100 S.Ct. 1026, 62 L.Ed.2d 760 (1980), the Washington Supreme Court analyzed the issue as follows:

> With respect to section 1983, the Superior Court's conclusion was in accord with the decision of the United States Supreme Court in *Quern v. Jordan*, [440] U.S. [332], 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). It was there held that the Congress of 1871, in adopting a provision which is now section 1983, did not intend to subject the states to liability under the act, since such liability would have deprived them of the immunity from suits in federal courts which is provided in the eleventh amendment to the United States Constitution. The plaintiff argues that Congress may nevertheless have intended to permit such suits in state courts. However, he points to no language of the act which would justify such an interpretation . . . .

> The question before the Court in *Quern*, as Justice Brennan's dissent quite clearly points out, was whether the word "person" as used in this statute included states. It is the inescapable holding of the court that it did not. That holding affirmed the earlier case of *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), and removed any doubt cast upon the question in *Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), wherein the court had found, reversing prior holdings, that the Congress did not intend to exclude the municipal corporations from the coverage of the act.

595 P.2d at 537. We find this analysis persuasive. If Green's arguments were accepted, it would be necessary to assume that Congress intended the word "person" in section 1983 to include states for the purpose of suits in state courts but not for the purpose of overriding the states' eleventh amendment immunity from suits in federal courts. Although this interpretation is possible, we believe it is beyond the province of this court to place such an interpretation on section 1983 in the absence of *any* indication that this is what Congress intended.

The order of the superior court reinstating Green's claim for relief under section 1983 is accordingly REVERSED.

RABINOWITZ, C. J., dissents.

RABINOWITZ, Chief Justice, dissenting.

I disagree with the majority's summary reversal of the superior court's decision, because I take issue with the majority's interpretation of *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Although the approach of the majority here is in accordance with Justice Brennan's concurring opinion in that case, characterizing Justice Rehnquist's opinion as holding that a state cannot be a "person" for purposes of 42 U.S.C. 1983, Justice Rehnquist's opinion in fact carefully avoids that issue, instead holding that Congress did not, in enacting § 1983, utilize its power under § 5 of the Fourteenth Amendment to abrogate the States' immunity from suit under the Eleventh Amendment. Thus, *Quern's* holding only becomes relevant when the Eleventh Amendment issue is raised, which is not the case here; this suit is in state, not federal, court. Under Justice Rehnquist's approach, the states are free to render themselves amenable to suit under 42 U.S.C. 1983; under Justice Brennan's approach, this is not the case. I think Justice Rehnquist's approach, besides being entitled to more weight as a majority ruling, is also more compatible with the Court's dictum in *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3058, 57 L.Ed.2d 1114, 1116 (1978), to the effect that Alabama would be able to

waive its Eleventh Amendment immunity from a § 1983 suit were it not for a state constitutional provision to the contrary.

I am bolstered in this conclusion by the reasoning in the recent case of *Marrapese v. State of Rhode Island*, 500 F.Supp. 1207 (D.R.I.1980), which noted this very conflict and adopted the Rehnquist approach in holding that Rhode Island had statutorily rendered itself amenable to a § 1983 suit in federal court. The opinion notes:

> Justice Rehnquist's opinion, while emphatic in reasserting the Court's belief that Congress had not intended to abrogate the states' immunity through § 1983, *see* 440 U.S. at 345, [99 S.Ct. at 1147] conspicuously avoided any statement that the term 'person' did not include 'state.' Stated precisely, *Quern* concluded only that the Congress which enacted § 1983 did not intend to *force* the states to answer in federal court for their constitutional violations. Of itself, this holding does not mandate the further conclusion that the 42d Congress did not intend to *allow* the states to answer in federal court for their constitutional violations *if* they consented to do so. The alternate interpretation of *Quern*, then, would recognize that the word 'person,' when considered in light of the Dictionary Act and the legislative history of § 1983, is broad enough to encompass the state as a 'body politic and corporate.' Limiting the practical effect of this construction would be the caveat that the statute leaves untouched Eleventh Amendment immunity, so that a state is not compellable to respond to § 1983 claims in federal court.
>
> . . . .
>
> Faced, then, with two possible interpretations—neither of which is particularly satisfactory—this Court accepts the one that gives greatest latitude to § 1983's broad remedial purpose. It concludes that the states are 'persons' potentially liable for constitutional deprivations inflicted through official custom and policy, but that because Congress has not exercised its § 5 powers to abrogate Eleventh Amendment immunity, each state must consent to the imposition of such liability. This interpretation allows victims of unconstitutional activity the largest possibility for redress, while exacting little cost in terms of federalism. Because there is no forced waiver, each state maintains ultimate control over its own potential liability. Moreover, this interpretation is consistent with earlier cases in which the Supreme Court seems to have assumed that a state could consent to § 1983 liability. Therefore, this Court holds that Rhode Island is a 'person' within the meaning of § 1983.

500 F.Supp. at 1211–12 (footnotes and citations omitted) (emphasis in original).

The issue before this court is not as difficult as *Marrapese*, since we deal here with a suit against the state in state court, not in federal court. I think that the Eleventh Amendment has no bearing on this issue, and thus the ruling of *Quern* does not control. If Rhode Island is a "person" within the meaning of § 1983, Alaska is no less a person. Alaska's own statutory provision regarding amenability to suit is the pertinent consideration here. I would remand for consideration of whether AS 09.50.250 allows this suit to go forward in the superior court.