James ROBISON, Commissioner of Labor; Robert Barcolas, Director of Safety; Donald Wilson, Deputy Director of the Division of Labor Standards and Safety; James R. Carr, Supervisor of Wage & Hour Administration; The Department of Labor of the State of Alaska, and the State of Alaska, Appellants/Cross-Appellees,

v.

James N. FRANCIS,
Appellee/Cross-Appellant.

Nos. S-2397, S-2422.

Supreme Court of Alaska.

July 28, 1989.

---

Jan Hart DeYoung, Asst. Atty. Gen., Anchorage, Grace Berg Schaible, Atty. Gen., Juneau, for appellants/cross-appellees.

Ron Zobel, Anchorage, for appellee/cross-appellant.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

MATTHEWS, Chief Justice.

In *Robison v. Francis*, 713 P.2d 259 (Alaska 1986), this court held that a statute which provided an employment preference for Alaska residents in public works construction projects violated the privileges

and immunities clause of the United States Constitution.

On remand, the parties agreed that Francis would have earned $30,676.36 in wages had he not been terminated as a result of the enforcement of the unconstitutional statute. The state then moved for summary judgment.

The trial court found that the named state officials were immune under the doctrine of qualified immunity and therefore dismissed them from the action. The trial court ruled that Francis had a *Bivens*[1] remedy against the state and therefore awarded Francis his lost wages. Francis' additional claim against the state under 42 U.S.C. § 1983 was dismissed on the basis that the state is not a "person" under the statute.

Both the state and Francis appeal.

I. *DID THE TRIAL COURT ERR IN DISMISSING FRANCIS' 42 U.S.C. § 1983 ACTION AGAINST THE STATE?*

■ The trial court ruled that it was bound by *State v. Green*, 633 P.2d 1381 (Alaska 1981), where this court held that the state was not a "person" within the meaning of section 1983. The trial court therefore dismissed the section 1983 action, even though it felt that the holding in *Green* was "subject to serious question." Francis asks this court to reconsider *Green*.

In *Vest v. Schafer*, 757 P.2d 588 (Alaska 1988), this court reconsidered its decision in *Green* and after a careful analysis stated:

We perceive no convincing arguments based either on Supreme Court precedent, the text of § 1983, or its legislative history, that compel us to overturn our decision in *State v. Green* that states are not persons under section 1983.

*Id.* at 594.

The *Vest* decision clearly applies to the instant case. The trial court's decision dismissing the section 1983 action is affirmed.

---

1. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

## II. *DID THE COURT ERR IN HOLDING THAT FRANCIS HAS A BIVENS REMEDY FOR DAMAGES AGAINST THE STATE?*

■ The trial court held that the state was liable for damage pursuant to *Bivens.* The trial court concluded that

> because Francis has been denied a fundamental right guaranteed every citizen by the privileges and immunities clause of the United States Constitution, he has a remedy against the state for damages he has suffered. Under the Supremacy Clause, Article IV of the United States Constitution, this court is bound by the provisions of the United States Constitution; any laws of the state to the contrary notwithstanding.

The state makes three arguments. First, the state argues that it is not a proper defendant in a *Bivens* action. Next, it argues that a *Bivens* action should not extend to violations of the privileges and immunities clause of the United States Constitution. Finally, the state argues that special factors in this case counsel hesitation in the creation of a *Bivens* remedy.

In *Vest v. Schafer,* 757 P.2d 588 (Alaska 1988), this court examined the law surrounding *Bivens*-type damage remedies in depth.

> We hold that a *Bivens*-type action, brought in state court against the state, cannot be allowed to stand when it is grounded on a claim that the legislature enacted a law later found to violate the equal protection clause of the Fourteenth Amendment of the Constitution.

*Id.* at 598. This court did not decide whether other unconstitutional behavior by the state can ever give rise to a federal *Bivens*-type action against the state in a state court. *Id.* at n. 36.

This case, like *Vest,* asks this court to hold the state liable for damages for unconstitutional legislation. Unlike *Vest,* however, the legislation violated the privileges and immunities clause of the Constitution, rather than the equal protection clause. In *Vest* this court analyzed the appropriateness of awarding *Bivens* damages against the state. We noted that:

> When a court finds a statute unconstitutional, the traditional remedy is declaratory or injunctive relief. Professor Davis stated: "Neither the United States nor any state has ever been liable for damages because its legislative body has enacted legislation that is later held unconstitutional."

*Id.* at 594 (quoting K. Davis, *Administrative Law Treatise* § 25.00–4, at 400 (Supp. 1982)).

Although the *Vest* case involved a statute which violated the fourteenth amendment rather than the privileges and immunities clause, the primary focus of *Vest* was on the general appropriateness of *Bivens* remedies against the state.[2]

For the reasons expressed in *Vest* we hold that the state may not be held liable for damages arising from the passage of unconstitutional legislation.[3] Therefore, the decision of the trial court concerning the damage remedy is reversed.

AFFIRMED in part and REVERSED in part.

---

**2.** We are aware of no *Bivens*-type case at the Supreme Court level involving a violation of the privileges and immunities clause.

**3.** Because there is no damage remedy, injunctive relief may be regarded as particularly appropriate in cases of this nature.